UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CIHAN AKKAYA, et al.,<br><br>Defendants. | Case No. 21-cv-04198-JST<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: ECF No. 42 |

Before the Court is Plaintiff Scott Johnson's motion for partial summary judgment. ECF No. 42. The Court will grant the motion.

## I. BACKGROUND

Plaintiff Scott Johnson is a "level C-5 quadriplegic" who "cannot walk and [has] significant manual dexterity impairments." ECF No. 42-1 at 21. Johnson "use[s] a wheelchair for mobility and [has] a specially equipped van." *Id.*

On March 17, 2021, Johnson visited a nail salon known as John's Creation in San Carlos, California, "to avail [himself] of [the] salon['s] services." *Id.* at 22. Johnson contends that he "could not get inside and was deterred from further patronizing" the salon because "there was an unramped step leading to the entrance" and he "cannot navigate steps in [his] wheelchair." *Id.* Johnson also observed that the salon had a "traditional round knob handle on the entrance door hardware" that "required a tight grasp and twisting of the wrist to operate," which "was difficult for [him] to operate." *Id.* Johnson and his investigator, Corey Taylor, visited the salon again on May 24, 2021 and observed the same "unramped steps" and "inaccessible door hardware." *Id.* at 22, 35.

Duc ("John") Chau, the owner and operator of the John's Creation business, contends that

before this action was filed "customers wheelchairs were able to enter [John's Creation] by means of a movable ramp." ECF No. 48-3 ¶ 5. Additionally, in 2021, Defendants Cihan ("John") Akkaya and Serife Akkaya, the owners of the real property on which John's Creation is located, commonly known as 1161 Laurel Street, San Carlos, California, ECF No. 46 ¶¶ 2–3, "caused the round ball handle to be replaced with a lever handle," ECF No. 48-2 ¶ 4, and a "concrete ramp to be installed," *id.* ¶ 5.

Johnson filed a complaint against Defendants on June 2, 2021, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51, *et seq.* ECF No. 1. Defendants answered the complaint on July 7, 2021. ECF No. 9.

On February 15, 2022, the Court set the following deadlines and case schedule: (1) a December 23, 2022 deadline to add parties or amend the pleadings; (2) a January 13, 2023 fact discovery cut-off; (3) a March 9, 2023 dispositive motion hearing deadline; (4) a May 12, 2023 deadline to file a pretrial conference statement; (5) a May 12, 2023 pretrial conference; and (6) a June 12, 2023 trial date. ECF No. 26 at 1. Pursuant to the parties' stipulation, the Court extended the dispositive motion hearing deadline to May 25, 2023; the deadline to file a pretrial conference statement to August 11, 2023; the pretrial conference to August 18, 2023; and the trial to September 11, 2023. ECF No. 41 at 1.

On August 16, 2022, Mike Bluhm, certified access specialist, conducted a site inspection of John's Creation to "provide [his] opinion as to whether it was compliant with the ADA and [make] recommendations for remediating noncompliant facilities." ECF No. 42-1 at 45. Bluhm found the following ADA violations: (1) "the concrete portion of the route, at the exterior side of the entrance door has a running slope that exceeds 1:20," *id.* at 53; (2) "[t]he maneuvering clearance at the exterior side of the entrance door has slopes that exceed 1:48," *id.*; (3) "[t]he interior (pull side) maneuvering clearances are obstructed by the offering plate and tray and pedicure chair adjacent to the door" and "the flooring material transition creates changes in level within the maneuvering clearances," *id.* at 57; and (4) "[t]he space beneath the manicure stations work surfaces do[es] not provide the required clear floor space knee and toe clearances at the

1  customer sides," *id.* at 59.

2  Johnson filed an amended complaint on February 6, 2023 that included allegations regarding unencountered barriers that were identified during Bluhm's site inspection. ECF No. 38. Defendants answered the complaint on March 10, 2023. ECF No. 46.

Johnson filed the instant motion on February 27, 2023. ECF No. 42. Defendants opposed the motion, ECF No. 48,[1] and Johnson replied, ECF No. 49.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.[2]

## III.   LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if there is sufficient evidence for a reasonable trier of fact to resolve the issue in the nonmovant's favor, and a fact is material only if it might affect the case's outcome. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).

When the party moving for summary judgment would bear the burden of proof at trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1018 (9th Cir. 2010). "[A]t the summary judgment stage," courts are "not permitted to weigh evidence." *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1121 (9th Cir. 2010).

---

[1] Defendants also filed an opposition at ECF No. 47, which is identical to the opposition at ECF No. 48 but it does not contain the declarations filed at ECF Nos. 48-1–48-3. Accordingly, the Court considers only ECF No. 48.

[2] The order to show cause issued February 3, 2023, ECF No. 37, is vacated.

## IV. DISCUSSION

### A. Rule 56(d) Request

Defendants argue Johnson's motion is "premature" and they request additional time to depose Johnson pursuant to Rule 56(d) of the Federal Rules of Civil Procedure "to confirm their position that [Johnson] lacks standing." ECF No. 48 at 2, 4. Defendants contend that they have not previously engaged in discovery because of the "uncertainty of the extent of [Johnson's] claims as he amends his pleadings." *Id.* Johnson counters that (1) his amended complaint adds only "the barriers found at" Bluhm's site investigation where Defendants' counsel was present and discussed these barriers, ECF No. 49 at 2; (2) Defendants agreed to extend the dispositive motion hearing deadline and trial date because Johnson intended to file an amended complaint, *id.*; and (3) Defendants "had time prior to the closing of discovery to take . . . Johnson's deposition, and never elected to do so." *Id.* at 3.

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). To prevail on a Rule 56(d) request, the "part[y] opposing a motion for summary judgment must make (a) a timely application [that] (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citations and internal quotations omitted). "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (citations omitted). "Rule 56(d) is designed to deal with 'premature' summary judgment motions, where the nonmoving party has not had a fair opportunity to conduct discovery prior to filing its opposition." *Drake v. Kernan*, No. 117CV01500ADASABPC, 2023 WL 3467048, at *2 (E.D. Cal. May 15, 2023) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 326

4

1    (1986)). "The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f)

2    motion." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) (citations omitted).

3         Here, despite stating in a February 4, 2022 case management statement that they intended

4    to "seek discovery related to Plaintiff's availing himself of goods and services at 1161 Laurel

5    Street, San Carlos, California," including taking his deposition, ECF No. 24 at 5, Defendants took

6    no discovery whatsoever during the discovery period. They did not seek Johnson's deposition

7    until their opposition to his motion for partial summary judgment, which was filed on March 13,

8    2023, two months after fact discovery had closed, ECF No. 48 at 2–4. Nor do Defendants provide

9    an excuse for their lack of diligence: their proffered reason for deposing Johnson now is to

10   explore whether he has standing to bring the action, but whatever concerns Defendants have

11   regarding that subject should have been present since the filing of the original complaint.

12   Defendants identify nothing about the amended complaint – and the Court sees nothing – that

13   affects the standing analysis in this case. Thus, there is no reason Defendants could have not taken

14   Plaintiff's deposition during the fact discovery period.

15        The Court accordingly denies Defendants' request for an enlargement of the discovery

16   deadline.

17       **B.**    **The Merits of Plaintiff's Claim**

18        Johnson argues that he is entitled to summary judgment on his Unruh Act claim because

19   there is no genuine dispute of fact that Defendants violated the ADA, ECF No. 42-1 at 16, or that

20   Johnson "was denied full and equal access" to John's Creation, *id.* at 42-1 at 19. Johnson seeks

21   $4,000 in statutory damages under the Act. In opposition, Defendants do not dispute that they

22   violated the ADA or that Johnson was denied full and equal access to John's Creation. ECF No.

23   48 at 2–4. Instead, they argue only that Johnson lacks standing to bring this action. *Id.* at 4.

24   Defendants contend that Johnson lacks standing because "[f]ollowing notification of noncompliant

25   ADA issues related to door hardware and wheelchair access, [they] took action to remedy the

26   situation," and "Johnson has not attempted to visit" John's Creation. *Id.* at 3.

27        This argument is insufficient to defeat Johnson's motion. "Allegations that a plaintiff has

28   visited a public accommodation on a prior occasion and is currently deterred from visiting that

5

accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008). Here, Johnson alleges just that. He states that (1) he could not access John's Creation when he visited in 2021 because of the door hardware and unramped step and "was deterred from further patronizing" the salon; (2) he continues to "be[] deterred from returning to [John's Creation] because of [his] knowledge of . . . the barriers found by" Bluhm after Defendants contend they remedied the door hardware and unramped step; (3) his "efforts to identify law-breaking businesses bring [him] to the geographical area where [John's Creation] is located on a continuing and ongoing basis"; and (4) "once it has been represented to [him] that the barriers have been allegedly removed, [he] intend[s] to return to [John's Creation] to assess it for compliance with access laws." ECF No. 42-1 at 22–23. Accordingly, Johnson has standing to bring this action.

The Court next considers whether Johnson has established that he is entitled to judgment in his favor on his Unruh Act claim and $4,000 in statutory damages under the Act. The Unruh Act provides, in relevant part, that "[a]ll persons . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). "A violation of the right of any individual under the federal [ADA] . . . constitute[s] a violation" of the Unruh Act. *Id.* § 51(f); *see also Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012) ("A violation of the ADA is, by statutory definition, a violation of . . . the Unruh Act[.]").

To prove that Defendants violated the ADA, Johnson must establish that: "(1) he is disabled within the meaning of the ADA; (2) [Defendants] are private individuals or entities that own, lease, or operate a place of public accommodation; and (3) he was denied public accommodations by [Defendants] because of his disability." *Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904, 912 (N.D. Cal. 2019). "This last requirement 'is met if there was a violation of applicable accessibility standards.'" *Id.* (quoting *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011)).

"Accessibility requirements can differ depending on when the public accommodation was constructed or last altered." *Id.* (citation omitted). "Whereas places of public accommodation that

were altered or constructed after 1993 must be 'readily accessible to and usable by individuals with disabilities,' 42 U.S.C. § 12183(a)(1), architectural barriers in then-existing facilities need only be removed if doing so is 'readily achievable,' *id.* § 12182(b)(2)(A)(iv)."[3] *Id.*; *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020) ("Discrimination under Title III of the ADA specifically includes 'a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable.'" (emphasis omitted) (citing 42 U.S.C. § 12182(b)(2)(A)(iv)).

The "readily accessible" standard is in turn defined in part "by the ADA Accessibility Guidelines," which "lay out the technical structural requirements of places of public accommodation." *Johnson*, 401 F. Supp. 3d at 912 (internal quotations and citations omitted). "Readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* (citing 42 U.S.C. § 12181(9)). The plaintiff bears the initial burden to "plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances," which a defendant may rebut. *Id.* at 1038. But even if removing the architectural barriers is not readily achievable, an entity will still be liable for discrimination under the ADA if it could have made its "goods, services, facilities, privileges, advantages, or accommodations available through alternative methods" that were readily achievable. *Id.* at 1034 (citing 42 U.S.C. § 12182(b)(2)(A)(v)).

Here, Johnson has established a violation of the ADA. First, Johnson proffered a declaration attesting to his disability, ECF No. 42-1 at 21, which Defendants do not dispute. Second, Defendants have admitted that they own the real property on which John's Creation is located, ECF No.46 ¶¶ 2–3, and that John's Creation constitutes a place of public accommodation, 42 U.S.C. §12181(7)(F) (defining as a public accommodation as "a beauty shop . . . or other service establishment"). Third, Defendants do not contest expert witness Bluhm's findings about the existing barriers that violate the ADA at John's Creation – the two declarations Defendants submitted in opposition address the owners' apparent good faith but do not rebut the existence of

---

[3] Johnson asserts, and Defendants do not dispute, that the "readily accessible" standard applies here.

7

all individual ADA violations. *See, e.g.*, ECF Nos. 48-2 ¶ 4 ("In 2021, upon being notified that the door handle on the front door of the property was not accessible for disabled individuals I caused the round ball handle to be replaced with a level handle."); *id.* ¶ 5 ("In 2021, upon being notified that there was no ramp providing a path of travel to the property, I caused the concrete ramp to be installed."); 48-3 ¶ 5 ("My wife and I serve a lot of disabled customers . . . [in] our shop[.]"). Additionally, Defendants do not contest that removal of the subject barriers is "readily achievable," i.e., that the cost of removing the architectural barriers is lower than the benefits under the circumstances. *Lopez*, 974 F.3d at 1038. Bluhm provided estimates for repairs to remedy the ADA violations, which Johnson contends are readily achievable. And Defendants do not state that these repairs would be too difficult or expensive. Therefore, Johnson has carried his burden in showing that removing those barriers is "readily achievable." *Lopez*, 974 F.3d at 1038-39. Johnson has therefore established Defendants violated the Unruh Act by proving that they violated the ADA.

Because Johnson has established that Defendants violated the Unruh Act, he may seek statutory damages of no less than $4,000 per violation. Cal. Civ. Code § 52(a). An Unruh Act plaintiff is entitled to statutory damages if a "violation denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(a). A plaintiff suffers denial of full and equal access when he "personally encountered the violation on a particular occasion, or [if he meets certain criteria establishing that he] was deterred from accessing a place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(b). Even if he did not personally encounter a barrier, a plaintiff has a right to statutory damages if he can show that (1) he "had actual knowledge of a violation or violations that prevented or reasonably dissuaded [him] from accessing a place of public accommodation that the plaintiff intended to use on a particular occasion," *id.* § 55.56(d)(1); (2) the violations "would have actually denied [him] full and equal access if [he] had accessed the place of public accommodation on that particular occasion," *id.* § 55.56(d)(2); and (3) if he claims multiple instances of deterrence, that his conduct was reasonable "in light of [his] obligation, if any, to mitigate damages," *id.* § 55.56(i).

Here, Johnson's evidence establishes his right to statutory damages under the Unruh Act for the barriers identified at John's Creation. Johnson has shown that he had actual knowledge of barriers, that those barriers denied him equal access to John's Creation or would have denied him equal access had he entered, and that those barriers have deterred him from returning. ECF No. 42-1 ¶¶ 5, 7. Defendants do not contest these facts. Johnson is therefore entitled to the minimum statutory award of $4,000 he requests.

## CONCLUSION

For the foregoing reasons, the Court grants Johnson's motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated: August 15, 2023



JON S. TIGAR
United States District Judge